### John S. Hunn v. John L. Norton.

By the course of this court, when a master's report stating a balance of accounts is confirmed, interest is allowed upon the sum reported due, from the date of the report.

Where a creditor recovers a debt in this court, he recovers costs also, unless special and strong reasons to the contrary, intervene.

And those costs, in general, are the costs of the whole litigation, although the creditor may have failed as to part of his demand.

In this case, the demands against the defendant being partly in his own right, and partly as executor, and those demands being contested in one suit by his assent, the court would not attempt a discrimination as to costs, but decreed the whole against the defendant personally.

But in respect to exceptions to a master's report, the general rule is, that each party recovers the costs of those exceptions on which he succeeds, and pays costs on those upon which he fails.

THIS was a bill for the adjustment of certain accounts of money transactions, of long standing and great intricacy. The demands made by the complainant, were not only against the defendant personally, but also as executor of the wills of his two deceased brothers ; and by agreement of the parties, all the accounts were litigated in this one suit. The principal point of general importance, which was determined, was, the rule of computing interest upon a master's report ; for the sake of which we give the chancellor's opinion entire ; and this being a select point not admitting of copious illustration, the arguments of counsel are omitted.

MR. WARNER for the complainant.

MR. CHARLES BALDWIN for the defendant.

THE CHANCELLOR. This cause was heard upon exceptions to the master's report, in March last. One exception was taken by the complainant ; and there were nine exceptions, on the part of the defendant. The exceptions of the defendant, were arranged into three classes ; and some of them, embraced a great number of particular transactions. The cause was discussed, upon the exceptions, the master's report, the testimony of certain witnesses reported by the master, and a great mass of books and papers produced by the parties. Those books and papers afforded much of the evidence applicable to the exceptions ; they were before me,

during my examination of the cause ; and when my examination was closed, they were returned to the parties, who had produced them.

The questions raised by the exceptions, were principally, questions of fact. After a careful consideration of all the exceptions and all the evidence, it appeared to me, that the master had decided judiciously, upon all the questions embraced by the exceptions, excepting in two instances. The sum of six dollars being the discount on a note of Robert B. Norton, dated the fifth day of April 1803, had not been allowed by the master to the estate of Robert B. Norton ; and it appeared to me clear, that this sum should have been so allowed. This was probably, a mere mistake, in stating the accounts in the cause. The charge of four hundred dollars, allowed by the master to the complainant, against the estate of Robert B. Norton as paid to Robert B. Norton on the twenty seventh day of February 1801, and received from John Rooke, seemed to me, not supported by any sufficient evidence. This sum had been received by the complainant ; and there was no adequate proof, that he had ever paid it to Robert B. Norton or his representatives. The exceptions of the defendant, in respect to these two sums, were allowed. Some other subjects of these exceptions, were involved in much obscurity ; but in respect to them and all the residue of the exceptions, it appeared to me, that the decisions of the master, were in each case, warranted by a reasonable preponderance of evidence.

The cause was finally heard, in November last. It was then urged by the defendant, that interest on the amount reported to be due to the complainant, should be computed only from the confirmation of the report, and not from its date. In support of this doctrine, the case of the attorney general against the brewer's company, 1 P. Wms. 376, was cited ; in which, the reporter states, that the court there ordered interest from the time of confirming the report, and not before ; " for until that time, it was no liquidated sum." This reason of the reporter is wholly unsatisfactory. If interest should not be allowed, because the debt is unliquidated, this reason would prove, that interest should not be allowed for the time

1824.

HUNN
v.
NORTON.

prior to the report; and yet in all ordinary cases, interest is allowed to the date of the report. Interest being given to a creditor upon general principles of law and justice, there can be no solid reason, that a debtor should be exempted from interest, while the demand is in litigation; and it would be still more unjust, that the creditor should lose interest, for any period of the legal delays which take place, after the debt is ascertained. The real debt is liquidated by the master's report; the court in confirming the report, ratifies his liquidation; and interest upon the ascertained sum, should be allowed from the time at which the master's computation ceases. In all analogous cases, interest is allowed to a creditor, in the courts of law; and by our statute, interest on judgments recovered upon contracts, from the time of recovery, may be levied by execution. But without farther inquiry into the rule of the English chancery, the practice of this court, has been and is, that the master computes interest to the date of his report; and when the report is confirmed, interest is allowed, upon the sum reported due, from the date of the report. Hoffman's practice 112.

The defendant also insisted, that he ought not to pay costs to the complainant. This litigation has been long and strenuous; and it terminates with partial success to each party. The complainant recovers much less than he demanded, but still, a considerable sum, which has been unjustly withheld from him. The costs arising from the exceptions, must follow the decisions made upon the respective exceptions; and according to the practice of the court, each party must pay the costs of such of his exceptions, as have not been supported. But the other costs which have accrued in litigating the various matters brought into controversy in this suit, can not be discriminated into portions, in such manner, as to charge each party with the costs arising from those of his pretensions in which he has failed. The litigation has taken place in this court, because it involved the adjustment of accounts; the complainant recovers a debt; and this debt has never been tendered to the complainant, or paid into court by the defendant. This is in effect, the ordinary case, in which a creditor recovers a debt in this court; and in such a case, un-

less special and strong reasons intervene, the creditor recovers his costs.

A part of the sum now recovered, is due from the defendant as executor of Robert B. Norton ; and another portion of it, is a personal debt from the defendant to the complainant.   These different subjects could not have been joined or recovered in one suit, without the consent of the parties ; and it is by such a consent, that these demands have been joined in this suit.   If it were practicable, to sever the costs arising from the litigation of these different subjects, the costs accruing from the debt due from the estate of Robert B. Norton should be charged by the decree, upon that estate, and upon the defendant, only in the event of a deficiency of the estate. But such a separation of costs, is impracticable, or at least, unknown in our practice ; and as the complainant is entitled to costs, they must be decreed against the defendant, in the ordinary form.